UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZEAVISION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19CV00893 JCH |
| | ) |
| MACUHEALTH LP, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court Plaintiff's Motion to Remand (ECF No. 14) filed April 30, 2019. The motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff manufactures and sells ocular nutritional supplements marketed to athletes and nonathletes who want to improve their vision. (ECF No. 4 ¶ 5). Defendant is a direct competitor of Plaintiff and sells ocular nutritional supplements. *Id.* On February 22, 2019, the Plaintiff filed a lawsuit in the St. Louis County Circuit Court. (Case No. 19SL-CC00793). Plaintiff brings two counts seeking injunctive relief against the Defendant. Count I alleges trademark infringement pursuant to Missouri Common Law and seeks an order enjoining future infringement. Count II alleges misrepresentations and threatening statements on the part of the Defendant and seeks injunctive relief. Neither account appears to seek monetary damages.

On April 8, 2019, the Defendant filed Notice of Removal. (ECF No. 1). The Defendant argues that the value of the litigation exceeds $75,000.00. *Id.* Neither party contests that parties are diverse. The only dispute is as to the amount in controversy. On April 15, 2019, the

---
[1] The Court's background section has been taken from the Plaintiff's Petition. The Defendant has not yet filed an Answer.

Defendant filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 7). On April 30, 2019, the Plaintiff filed a Motion to Remand this case to State Court to the Circuit Court of St. Louis County. (ECF No. 14).

## **LEGAL STANDARD**

Under 28 U.S.C. § 1441(a), a defendant may remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and involves a controversy between citizens of different states.

"'It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party.'" *Riffert v. Walgreen Co.*, 4:07CV1912 JCH 2008 WL 495643, at *1 (E.D. Mo. Feb. 20, 2008) (quoting *Rolwing v. NRM Corp.*, 1:05CV81 FRB 2005 WL 1828813, at *2 (E.D. Mo. Aug. 2, 2005)). Federal courts strictly construe the amount in controversy requirement to limit their diversity caseload and resolve all doubts about federal jurisdiction in favor of remand. *Logan v. Value City Dept. Stores, LLC*, 4:08CV19 CAS 2008 WL 1914168, at *1 (E.D. Mo. Apr. 28, 2008); *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Further, the Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)). The Eighth Circuit further has held that, "[t]his amount-in-controversy requirement is satisfied when a fact

finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Capitol Indemnity Corp. v. 1405 Assoc., Inc.*, 340 F.3d 547, 549 (8th Cir.2003) (internal quotations and citation omitted). See also *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are...."). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted).

## DISCUSSION

Under Eighth Circuit law, " '[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." ' *Kramper, 393 F.3d at 833*, quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).The Eight Circuit has observed that the viewpoint of the plaintiff must test that amount in controversy. *Massachusetts State Pharm Ass'n v. Fed. Prescription Serv., Inc.,* 431 F.2d 130, 132 n.1 (8th Cir. 1970). The amount in controversy in cases involving trademark and tradename may be determined by the value to the plaintiff of the good will associated with the mark or name. *See, Lane Bryant, Inc. v. Glassman*, 95 F. Supp. 320, 323 (E.D. Mo. 1951). This is the case even if the Defendant will incur costs in excess of $75,000.00 if the requested relief is granted. *See, Price v. Cybertel Cellular Tel. Co.*, No. 4:06CV1640 FRB, 2007 WL 144586, at *3 (E.D. Mo. May 14, 2007).

In valuing this case, the Defendant submitted that the amount in controversy in this action exceeds the amount in controversy threshold because:

> (1) The Petition includes two causes of action: unfair competition and injunctive relief which both seek injunctive relief;
> (2) Count I contends that Defendant interfered with Plaintiff's "'longstanding use, substantial sales, significant advertising, and promotional activities,' which resulted in 'substantial goodwill and reputation to [Plaintiff]'s business under the [] trademark is of enormous value'" (ECF No. 1 at 3), and that as a result of Defendant's use the Defendant harmed Plaintiff's " 'valuable goodwill' and 'significant goodwill' and will continue to cause substantial actual damages and irreparable injury to [Plaintiff]. *Id.*
> (3) Count II alleges that Defendant engaged in actions which "has and will cause serious irreparable injury to Plaintiff through the loss of reputation and goodwill." *Id.* at 4.
> (4) Plaintiff seeks injunctive relief precluding the Defendant from engaging in actions throughout the United States.

Defendant asserts that Plaintiff has invested over one-hundred thousand dollars ($100,000.00) in connection with the manufacture, advertisement, and sale of products. (ECF No. 1. at 4). Defendant believes that the value of sales of these products, including their future sales exceeds Seventy-five thousand dollars ($75,000.00). Defendant asserts that "[i]n January 2014, Plaintiff's Chief Financial Officer stated that Plaintiff had invested $1 million into the Vizual Edge supplement…[p]laintiff further stated that the new customer line of Vizual Edge supplement was expected to 'generate $5 million in revenue over the next three years.' Additionally, the Vizual Edge consumer product was expected to add…$2 million to Plaintiff's revenue in 2014." (ECF No. 19, at 4). Defendant argues that it is reasonable to assume that some of the Plaintiff's five-million-dollar ($5,000,000.00) revenue is attributable to the Vizual Edge trademark and that because the Plaintiff ties the value of the mark to the value of its branded products so should the Court *Id.* (citing, ECF No. 6 ¶ 23)("Zeavision's valuable reputation and credibility in the market place, depend on the integrity of the Vizual Edge Trademark"). The Defendant also asserts that because the Plaintiff has stated in Counts I and II that it seeks "such other and further relief" as this Court deems just and proper, Plaintiff is seeking additional

damages in addition to injunctive relief (ECF No.1 ¶ 30; ECF No. 19, at 5) and that if Plaintiff additionally seeks actual damages in the form of lost profits, they should be considered by the Court in determining the value of the suit. (ECF No. 19 at 5).

Plaintiff denies that it seeks actual damages. (ECF No. 22 at 1). Plaintiff asserts that it only seeks to enjoin the sale of Defendant's product under a "confusingly similar name to Plaintiff's product." (ECF No. 15 at 3). In support of Remand, Plaintiff states that is has been using the mark at issue for approximately six years. *Id.,* at 4. Plaintiff believes that it has been damaged due to the likelihood of confusion but does not possess information to support a conclusion that Defendant has diverted seventy-five thousand dollars ($75,000.00) in sales from it. *Id.* Plaintiff asserts that it has never valued the mark at seventy-five thousand dollars ($75,000.00). *Id.* In reference to Plaintiff's second count, Plaintiff states that the remedy it seeks "cannot even be measured or compensated in money damages" and argues that because the remedy here is not sufficiently measurable the Defendant is unable to show that the amount in controversy requirement has been met *Id.* at 5, citing *Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1092 (E.D. Mo. 1998)(for the proposition that where a defendant has not provided evidence of the value of a claim, speculation about the amount in controversy is insufficient).

Plaintiff specifically denies that it invested one-million dollars ($1,000,000.00) in its mark. (ECF No. 22 at 2). Plaintiff states that Plaintiff's then CFO's statements about revenue did not come to pass. (ECF No. 22 at 2 (citing ECF No. 22-1)). Plaintiff argues that the Defendant should not be permitted to conflate the investment in the product with an investment in the mark and that the amounts quoted involved research and development of multiple produces. (ECF No. 22, at 2). Plaintiff asserts that the investment in the mark was below the necessary amount in

controversy and cost less than thirty-thousand dollars ($30,000.00) because the mark was developed internally, web development was done internally, only requiring market testing of multiple potential names and some attorney's fees. (ECF No. 3).

The Plaintiff seeks injunctive relief regarding its trademark Vizion Edge. The amount in controversy in this case is not sufficiently measurable and is highly speculative. It is the burden of the Defendant to show by a preponderance of the evidence that removal is proper. As discussed above, doubts regarding removal must be resolved in favor of remand. Therefore, the Plaintiff's Motion to Remand is granted.

## **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF No. 14) is **GRANTED.**

Dated this 12th Day of June 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE